IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEILA BERGER,<br><br>**Plaintiff**<br><br>v.<br><br>SUNIL PATEL,<br>MANISHA PATEL &<br>AMERICAN HOMES REALTY INC.<br><br>**Defendants.** | Civil Action No. 07cv9750 |

## COMPLAINT

Plaintiff Sheila Berger ("Plaintiff"), by and through her attorneys, Steptoe & Johnson LLP, as and for her Complaint against Defendants Sunil Patel and Manisha Patel (the "Patels"), and American Homes Realty Inc. ("American"), alleges as follows:

### NATURE OF ACTION

1. This case arises out of a fraudulent breach of contract perpetrated by Sunil Patel and Manisha Patel.

2. American, acting as dual agent, breached their fiduciary duty in misrepresenting the Patels as ready, willing and able to sell their property at 325-329 Newark Ave, Jersey City, New Jersey 07302 (Tax Block 413 - Lots 9A/Ki) ("the Property").

### JURISDICTIONAL STATEMENT

3. Plaintiff Sheila Berger is an individual who resides at 222 West 23rd Street, New York, New York 10011.

4. Plaintiff Sheila Berger is a citizen of the State of New York for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

5. Defendants Sunil Patel and Manisha Patel are individuals who reside at 30 Vroom Street, Jersey City, New Jersey 07306.

6. Defendants Sunil Patel and Manisha Patel are citizens of the State of New Jersey for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

7. Defendants Sunil Patel and Manisha Patel are subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 with proper venue pursuant to 28 U.S.C. § 1391.

8. Defendant American Homes Realty Inc. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 224 Newark Avenue, Jersey City, New Jersey 07302.

9. Defendant American Homes Realty Inc. is a citizen of the State of New Jersey for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

10. Defendant American Homes Realty Inc. is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 with proper venue pursuant to 28 U.S.C. § 1391.

11. This Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

**FACTUAL BACKGROUND**

12. On or about September of 2004, Maria C. Robles, an authorized representative of American Homes Realty Inc., showed various properties to Plaintiff in an effort to facilitate a real estate transaction.

13. One of the properties shown to Plaintiff, owned by the Patels, was located at 325-329 Newark Ave, Jersey City, New Jersey 07302 (Tax Block 413 - Lots 9A/Ki).

14. Ms. Robles represented the Patels as ready, willing and able to sell the Property.

15. On September 28, 2004, Plaintiff entered into a signed, written agreement (the "Contract") with the Patels for a sale of the Property.

16. The Contract was drafted by American and Defendant Sunil Patel.

17. The Contract was signed by Plaintiff Sheila Berger and Defendant Sunil Patel on behalf of himself and Manisha Patel.

18. The Contract stated that the deed to the Property was to be exchanged for $570,000.

19. Plaintiff complied with the Contract by tendering the purchase price.

20. Upon information and belief, Ms. Robles also attempted to close the transaction.

21. Plaintiff made numerous attempts to contact Defendants to close the transaction by exchanging the deed for the cash amount set forth in the Contract.

22. In the weeks and months following, Ms. Robles finally reported to Plaintiff that Mr. Patel was refusing to return Ms. Robles' phone calls.

23. Ms. Robles then called Plaintiff to say that she had run into Mr. Patel by accident in Jersey City, New Jersey and that he had decided to abrogate the Contract, in breach of the contract.

## COUNT ONE: BREACH OF CONTRACT

24. On September 28, 2004, Plaintiff entered into a signed, written agreement with the Patels for a contract of sale for the purchase of the Property.

25. By the terms of said Contract, the Patels were to exchange the deed to the Property with Plaintiff for $570,000.

26. Plaintiff complied with the Contract.

27. On or about December 1, 2004, Defendants breached the Contract by refusing to exchange the deed to the Property for $570,000.

28. Plaintiff sustained damages as a result of Defendants' breach of contract.

## COUNT TWO: FRAUDULENT INDUCEMENT
## (AGAINST THE PATELS ONLY)

29. Plaintiff realleges and incorporates by reference each allegation contained in paragraphs 1 through 28 of the Complaint as if set forth in this cause of action.

30. Defendants intentionally made the materially false and misleading statements and omissions described in this Complaint, knowing that they were untrue or misleading, and intending that Plaintiff would rely on them in entering into the contract.

31. Plaintiff did reasonably and justifiably rely on these materially false or misleading statements and omissions when she signed the contract.

32. Plaintiff sustained damages as a result of Defendants' fraudulent inducement.

## COUNT THREE: FRAUD
## (AGAINST THE PATELS ONLY)

33. Plaintiff realleges and incorporates by reference each allegation contained in paragraphs 1 through 32 of the Complaint as if set forth in this cause of action.

34. The Patels made numerous intentional misrepresentations of material fact as described in this Complaint.

35. The Patels' misrepresentations were deliberate, fraudulent, and made in bad faith with intent to deceive.

36. The Patels knew that these representations were false and material.

37. The Patels intended for Plaintiff to rely, act upon and be defrauded by the Patels' intentional misrepresentations.

38. Plaintiff reasonably relied on these intentional misrepresentations of material facts when it entered into the Agreement.

39. Through the Patels' intentional and bad faith misrepresentations of material fact and Plaintiff's reasonable reliance, Defendants committed fraud.

40. As a direct and proximate result of that reliance, Plaintiff has suffered damages.

41. Defendants' conduct was willful and wanton.

42. Plaintiff sustained damages as a result of Defendants' fraud.

## COUNT FOUR: FRAUD
## (AGAINST AMERICAN HOMES REALTY INC. ONLY)

43. Plaintiff realleges and incorporates by reference each allegation contained in paragraphs 1 through 42 of the Complaint as if set forth in this cause of action.

44. Defendant American made numerous intentional misrepresentations of material fact as described in this Complaint.

45. American's misrepresentations were deliberate, fraudulent, and made in bad faith with intent to deceive.

46. American knew that these representations were false and material.

47. American intended for Plaintiff to rely, act upon and be defrauded by American's intentional misrepresentations.

48. Plaintiff reasonably relied on these intentional misrepresentations of material facts when it entered into the Agreement.

49. Through American's intentional and bad faith misrepresentations of material fact and Plaintiff's reasonable reliance, Defendants committed fraud.

50. As a direct and proximate result of that reliance, Plaintiff has suffered damages.

51. Defendants' conduct was willful and wanton.

52. Plaintiff sustained damages as a result of Defendant American's fraud.

### COUNT FIVE: NEGLIGENT MISREPRESENTATION
### (AGAINST AMERICAN HOMES REALTY INC. ONLY)

53. Plaintiff realleges and incorporates by reference each allegation contained in paragraphs 1 through 52 of the Complaint as if set forth in this cause of action.

54. Plaintiff and American had a special relationship that, among other things, imposed on Defendant American a duty of care relating to representations that the Defendant made to Plaintiff.

55. Defendant American negligently made the materially false and misleading statements and omissions described in this Complaint, and knew that Plaintiff would rely on them in entering into the Contract.

56. Plaintiff did reasonably and justifiably rely on these negligent misrepresentations and omissions when she decided to sign the Contract.

57. As a direct and proximate result of that reliance on Defendant American's negligent misrepresentations, Plaintiff has suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor as follows:

(a) Ordering specific performance on the Contract on the terms agreed to;

(b) Awarding Plaintiff compensatory damages in an amount not less than one million dollars ($1,000,000) against Defendants based upon Defendants' fraudulent and/or negligent misrepresentations of material fact;

    (c)    Awarding Plaintiff punitive damages against Defendants based upon Defendants' fraudulent and/or negligent misrepresentations of material fact;

    (d)    Awarding Plaintiff costs and expenses incurred by Plaintiff in this litigation;

    (e)    Awarding Plaintiff attorneys' fees incurred by Plaintiff in connection with this litigation; and

    (f)    Such other and further relief as this Court deems just and proper.

Dated: New York, New York

    November 1, 2007.

    Yours, Etc.,

    STEPTOE & JOHNSON LLP

    /s/ Justin B. Perri_____
    Shehzad Hasan
    Justin B. Perri
    750 Seventh Avenue
    Suite 1900
    New York, NY 10019
    Phone: (212)506-3900
    COUNSEL FOR PLAINTIFF
    SHEILA BERGER